UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MAURO SERGIO NARES, | § § § | |
| Plaintiff, | § | |
| v. | § § | EP-17-CV-00158-LS |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mauro Nares appeals the denial of his applications for disability insurance benefits and supplemental security income under 42 U.S.C. § 405(g). The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying Nares' applications.

**I.    Facts and Proceedings**

Nares alleges he became disabled on September 9, 2009 because of post-traumatic stress disorder ("PTSD") and depression.[1] An Administrative Law Judge ("ALJ") held a hearing on September 3, 2015 and heard testimony from Nares, who was represented by counsel, and from a vocational expert.[2] In an opinion dated December 14, 2015, the ALJ determined that Nares was not disabled within the meaning of the Social Security Act.[3] The Appeals Council denied his request for review, making the decision of the ALJ the final decision of the Commissioner.[4]

Nares argues in this appeal that the ALJ did not give sufficient weight to the medical

---

[1] R:88; R:233.
[2] R:52-87.
[3] R:33-43.
[4] R:1-6.

opinion of Dr. Sergio Rodarte, which caused a mistake in Nares' residual functional capacity ("RFC") determination (what he can still do workwise), ruining the disability analysis.[5]

## II. Discussion

### A. Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.*

In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work. 20 C.F.R. §§ 404.1520, 416.920; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Perez*, 415 F.3d at 462. A court cannot, however, reweigh the evidence or try the issues *de novo*. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). The Commissioner, not the courts, must resolve conflicts in the evidence. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

---

[5] ECF No. 17, at 8-9.

### B. Residual Functional Capacity

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945. The responsibility to determine a claimant's RFC belongs to the ALJ. 20 C.F.R. §§ 404.1546, 416.946; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record. *Perez*, 415 F.3d at 461-62. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, 416.945. An RFC finding is used to determine if the claimant can still do his past jobs. *Perez*, 415 F.3d at 462. If unable, the RFC is then used to determine whether he can do other jobs in the national economy. *Id*.

### C. The ALJ's Findings

In this case, the ALJ found that Nares' severe impairments were major depressive disorder with psychosis, personality disorder not otherwise specified, and a mathematics learning impairment.[6] None, however, were severe enough to meet or equal an impairment listed in the appendix to the regulations.[7] The ALJ found that Nares can still do a full range of work without any physical restrictions, as long as the work is simple, at a slow pace, and without too much exposure to the public, crowds, and stress.[8] She determined that Nares can no longer perform his

---

[6] R:35.
[7] R:36-37.
[8] R:37: "the claimant can understand, remember, and carry out simple, routine, and repetitive tasks, but not at a production rate pace (such as assembly line work); he is limited to making simple work-related decisions; he can respond appropriately to supervisors; he is limited to occasional interaction with a few co-workers and no interaction with the public; he must avoid work around crowds; and he is limited to low stress work (defined as not having to deal with decision making, problem solving, or the unexpected)."

old job as a scaffold builder,[9] but using vocational expert testimony determined that there are other jobs in the national economy that he can still do.[10] Accordingly, the ALJ found Nares not disabled and not entitled to disability insurance benefits or supplemental security income.[11]

### D. Dr. Rodarte's Opinion

Nares was found not guilty by reason of insanity after being tried for shooting at police officers in 2009.[12] Nares' June 2013 discharge records from the state psychiatric hospital reflect that he had no psychiatric issues before the shooting and that it resulted from a "Brief Psychotic Disorder and an anxiety attack."[13] Nares was seen by multiple mental health practitioners after discharge, including psychiatrist Dr. Sergio Rodarte. Dr. Rodarte's initial July 2013 treatment records reflect that Nares had no psychosis symptoms or mood problems and was not taking, nor did he want, any medication.[14] In January of 2014, Dr. Rodarte checked a box on a form indicating that Nares was unable to work because of a non-permanent disability expected to last six months or less.[15] Dr. Rodarte's April 2014 records show that Nares had an impairment that affected his ability to process instructions given to him,[16] and that stressful situations affected Nares' thought processes, memory, and concentration.[17] Dr. Rodarte recorded in November 2014 that Nares had only slight restrictions with respect to processing short and simple instructions, and only moderate restrictions with respect to detailed instructions and making simple work-

---

[9] R:41.
[10] R:42.
[11] R:42-43.
[12] *See* R:352-53, 642.
[13] R:352.
[14] R:302, 305.
[15] R:328.
[16] R:365.
[17] R:366.

4

related decisions.[18] In January 2015, Dr. Rodarte checked a box indicating that Nares was unable to work because of a permanent disability.[19]

Ordinarily the opinion of a treating physician who is familiar with the claimant's conditions should be accorded great weight in determining disability. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). Indeed, such an opinion will be given controlling weight if it is well-supported by objective medical evidence and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(2). The opinion of a specialist is generally attributed greater weight than that of a non-specialist. *Newton*, 209 F.3d at 455. However, good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Id*. at 456.

As an initial matter, Dr. Rodarte's January 2014 and January 2015 findings that Nares is disabled are conclusory because they derive from checked boxes on preprinted forms with no attendant explanation or support.[20] Moreover, a physician's conclusion that an applicant is fully disabled is not dispositive. *See* 20 C.F.R §§ 404.1527(d)(1), 416.927(d)(1); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003)(the Commissioner, not treating physicians, determines disability). Finally, Dr. Rodarte's opinions are inconsistent with other medical opinions in the record. Psychologist Dr. Peter Fernandez evaluated Nares in October 2013 and observed clear and coherent speech, no psychotic signs, and full orientation with respect to time, place,

---

[18] R:657.
[19] R:659.
[20] R:328-29; 659.

and circumstance.[21] Nares denied hallucinations and delusions, and indicated that he performed chores, paid bills, shopped for groceries, and was able to drive.[22]

In June 2014, Nares told Dr. Paisith Piriyawat that he had visual hallucinations regarding a childhood kidnaping attempt, but reported no auditory hallucinations or memory or neurological problems.[23] The next month, Dr. Piriyawat reviewed imaging test results and found no neurological explanation for Nares' hallucinations.[24] He did note, however, that Nares' "hallucination is now well controlled with his medication"[25] and that Nares need not return for treatment.

The ALJ's question to the testifying vocational expert about available jobs took into consideration all of the foregoing. Assuming restrictions that included understanding and carrying out only simple tasks, at a slow pace, with no interaction with the public and only occasional interaction with coworkers, the vocational expert testified that Nares could no longer do his old job as a scaffold builder, but could work as a janitor, a kitchen helper, and warehouse worker.[26]

It is true that Dr. Rodarte checked boxes indicating that Nares is "disabled," but the Commissioner makes that decision, and courts do not reweigh the evidence. *See Cook*, 750 F.2d at 392. In this case, the ALJ properly reviewed all of the medical evidence and opinions in this case, and properly assigned the weight to them she deemed appropriate. Her questioning of the vocational expert was proper and substantial evidence supports her RFC determination. I find no legal error, and the decision of the Commissioner is **AFFIRMED**.

---

[21] R:310.
[22] R:309.
[23] R:674.
[24] R:668.
[25] *Id.*
[26] R:83-85.

**SIGNED** and **ENTERED** on February 9, 2018.

                                                        **LEON SCHYDLOWER**
                                                        **UNITED STATES MAGISTRATE JUDGE**